Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2835 | **DATE** | 5/6/2002 |
| **CASE TITLE** | LIFE INSURANCE CO. OF NORTH AMERICA vs. DIANE PARK, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff-counterdefendant's motion for reconsideration [79-1] is granted. Cross-claimant Brenda Park's amended motion for summary judgment [76-1] is granted. Judgment is entered for cross-claimant Brenda Park and against cross-claimants Amber Christine Park and Abigail Fawn Park in the amount of $349,000.00, plus interest, subject to a constructive trust for cross-claimant Abigail Fawn Park in the amount of $50,000.00 plus interest. Plaintiff-counterdefendant's motion for summary judgment [56-1] is granted. Plaintiff-counterdefendant Life Insurance Company of North America is dismissed from this action. Plaintiff-counterdefendant shall deposit one check for the sum of $299,000.00 plus interest payable to cross-claimant Brenda Park and one check for the sum of $50,000.00 plus applicable interest for cross-claimant Abigail Fawn Park with the court's registry by May 15, 2002. Plaintiff-counterdefendant shall also submit to the court and the parties a settlement statement itemizing the interest accrued. The clerk is ordered to distribute the designated funds upon receipt. Plaintiff-counterdefendant's request for a permanent injunction and attorneys' fees and costs is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 0 6 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 82 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5/6/2002 | |
| | | date mailed notice | |
| CB | courtroom deputy's initials | CB | |
| | | mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIFE INSURANCE CO. OF NORTH AMERICA | )<br>)<br>) No. 01 C 2835 |
| Plaintiff, | )<br>)<br>) Suzanne B. Conlon, Judge |
| v. | )<br>) |
| DIANE PARK, et al. | )<br>) |
| Defendants. | ) |

DOCKETED
MAY 0 6 2002

**MEMORANDUM OPINION AND ORDER**

Life Insurance Company of North America ("LINA") brings this interpleader action against Diane Park ("Diane"), Amber Christine Park ("Amber"), Abigail Fawn Park ("Abigail") and Brenda Park ("Brenda") pursuant to Federal Rule of Civil Procedure 22. Specifically, LINA seeks an adjudication of the competing claims to death benefits of the insured's former wife, Diane, their children, Amber and Abigail, and his widow, Brenda. Brenda counterclaimed against LINA and cross-claimed against Amber and Abigail, claiming sole right to the insurance proceeds. Amber and Abigail similarly counterclaimed against LINA and cross-claimed against Brenda, claiming partial right to the insurance proceeds. The court previously entered default judgment against Diane. LINA and Brenda move for summary judgment pursuant to Federal Rule of Civil Procedure 56. LINA also moves for reconsideration of the court's March 21, 2002 order denying Brenda's motion for leave to file a response to LINA's motion for summary judgment *instanter*.

1

82

# BACKGROUND

## I. Motion for Reconsideration

On March 21, 2001, the court denied Brenda's motion for leave to file a response to LINA's motion for summary judgment *instanter* as moot, believing the motion was filed by Amber and Abigail, who had until April 16, 2002 to file a response. Indeed, the notice of motion identifies the motion as "Amber Christine Park and Abigail Fawn Park's motion to file response *instanter*." In any event, Rule 54(b) specifically provides:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims. . . . shall not terminate the action as to any of the claims . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

Fed. R. Civ. P. 54(b). The court also has inherent authority to reconsider interlocutory orders before entering final judgment. *Wimberly v. General Motors Corp.*, No. 95 C 1318, 1997 WL 30960, at *1 (N.D. Ill. Jan. 17, 1997). Therefore, the court grants LINA's motion for reconsideration and will consider Brenda's response in addressing LINA's motion for summary judgment.

## II. Motions for Summary Judgment

### A. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. In response to a motion for summary judgment, Local Rule 56.1 requires the non-moving party to submit a response "to each numbered paragraph in the moving party's statement [of material facts], including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A). "All material facts set forth in the statement required of the moving party will be

deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3)(B).

Brenda, Amber and Abigail failed to respond to LINA's statement of facts. Pursuant to Local Rule 56.1(b)(3)(B), LINA's facts are deemed admitted. Amber and Abigail likewise failed to respond to Brenda's statement of facts. Pursuant to Local Rule 56.1(b)(3)(B), Brenda's statement of facts is deemed admitted by Amber and Abigail.

**B.  Facts**

The following facts are undisputed. Thomas Park ("Thomas") was an employee of Archer Daniels Midland Company. During his employment, Thomas was covered by a group life insurance policy issued by LINA. On August 15, 2000, Thomas died. Upon his death, death benefits in the amount of $349,000.00 plus applicable interest became payable under the policy. At the time of his death, Thomas was married to Brenda. Thomas designated Brenda as the beneficiary of the insurance proceeds.

Thomas was previously married to Diane. During their marriage, Thomas and Diane had two children: Amber, born on January 10, 1980, and Abigail, born on January 1, 1982. Thomas and Diane were divorced on December 14, 1990. Under the divorce decree, Thomas was obligated to support Amber and Abigail until they reached the age of eighteen or left high school, whichever occurred later. Thomas also was required to "maintain life insurance now in effect with the children for whom he has responsibility to support as beneficiary." Brenda's 56.1(a)(3) Amended Statement of Undisputed Material Facts ¶ 9, Ex. 3. According to the divorce decree, Thomas had "in effect term life insurance on his life in the amount of $100,000.00." *Id.*

At the time of Thomas' death, Amber had reached the age of eighteen and had graduated from high school. Abigail also had reached the age of eighteen, but had not graduated after completing four years of high school. Abigail did not enroll in the term immediately following Thomas' death. Rather, Abigail enrolled for the second term of the 2000-2001 school year on October 30, 2000. Abigail subsequently withdrew from the second term on January 11, 2001 without graduating.

After Thomas' death, Brenda, Diane, Amber and Abigail asserted claims to the insurance proceeds. Specifically, Brenda claimed she was entitled to the death benefits as the designated beneficiary. Diane, on behalf of Abigail and Amber, claimed Abigail and Amber were designated beneficiaries under the divorce decree. LINA, as the holder of the insurance proceeds, brought this action to resolve the competing claims.

## DISCUSSION

### I. Jurisdiction

The court has an independent duty to determine whether subject matter jurisdiction exists before deciding the merits of a case. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 279, 281 (7th Cir. 2001). Based on the parties' pleadings, the court ordered the parties to file a jurisdictional statement clarifying the basis for diversity jurisdiction under 28 U.S.C. § 1332.

According to the parties' pleadings, LINA is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. Brenda, Amber and Abigail are residents of Illinois. Assuming the parties will confirm that each party's citizenship is the same as their residency, there is complete diversity of the parties.

In addition, the amount in controversy exceeds $75,000.00. If the amount in controversy is uncontested, the court must accept the parties' representation unless it "appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Target Market Publishing, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1141-42 (7th Cir. 1998), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The insurance proceeds in controversy amount to $349,000.00 plus applicable interest. Therefore, the jurisdictional minimum is satisfied.

## II. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. LINA's Motion for Summary Judgment

In its motion for summary judgment, LINA requests: (1) discharge from this case with leave to deposit the contested insurance proceeds plus applicable interest with the court's registry; (2) a permanent injunction pursuant to 28 U.S.C. § 2361; and (3) attorneys' fees and costs. Brenda, Amber and Abigail do not contest LINA's motion for summary judgment with the exception of LINA's request for attorneys' fees and costs.

A.  **Rule Interpleader**

LINA brought this action under Federal Rule of Civil Procedure 22. Rule 22 provides in relevant part:

> [p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.

Fed. R. Civ. P. 22(1). Under Rule 22, a stakeholder with no claim to the money, may "put the money . . . in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." *Commercial National Bank of Chicago v. Demos*, 18 F.3d 485, 487-88 (7th Cir. 1994). LINA does not have any claim to the contested insurance proceeds. Therefore, the court grants LINA leave to deposit $349,000.00 plus applicable interest with the court's registry and withdraw from this proceeding.

B.  **Permanent Injunction**

LINA also asks the court to enter a permanent injunction pursuant to 28 U.S.C. § 2361. Section 2361 authorizes the issuance of an injunction when the requirements of the statutory provision for interpleader are satisfied. *General Railway Signal Co. v. Corcoran*, 921 F.2d 700, 702 (7th Cir. 1991). Statutory interpleader requires complete diversity of at least two claimants in the interpleader action. 28 U.S.C. § 1335. Assuming Brenda, Amber and Abigail maintain the same citizenship as their residency, Brenda, Amber and Abigail are all Illinois citizens. Without complete diversity between at least two claimants, the requirements of statutory interpleader are not satisfied and the court may not issue an injunction.

## C. Attorneys' Fees and Costs

The court may award reasonable attorneys' fees and costs in an interpleader action. *Travelers Ins. Co. v. Savage*, No. 92 C 6510, 1993 WL 22685 at *2, *citing Minnesota Mutual Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 617 (N.D. Ill. 1976). However, courts have declined to award attorneys' fees and costs in cases involving insurance policy proceeds because "it is unfair to transfer the insurance company-stakeholder's normal costs of doing business to the claimants, at least one or more of whom is rightfully entitled to the stake." *See Id.* The court finds it would be unfair to transfer LINA's costs of doing business to the rightful claimants. Therefore, the court declines to award attorneys' fees and costs.

## IV. Brenda's Motion for Summary Judgment

In her motion for summary judgment, Brenda claims she alone is entitled to the insurance proceeds because Thomas' obligation to support Amber and Abigail ended prior to his death. In deciding who is entitled to the policy proceeds, the court must apply Illinois law. *See Travelers Ins. Co. v. Daniels*, 667 F.2d 572, 573 (7th Cir. 1981). In Illinois, the named beneficiary of a life insurance policy obtains a vested right to the proceeds upon the death of the insured. *Id.* However, the named beneficiary's vested right may be subject to the rights of others who may have obtained an equitable interest. *Id.* "Illinois courts have found that when a divorce decree orders a party to name his children as beneficiaries of his life insurance policy, those children are entitled to receive the proceeds, even if they were not the named beneficiaries at the time of the party's death." *Id. See also Smithberg v. Illinois Municipal Retirement Fund*, 192 Ill.2d 291, 300-01, 735 N.E.2d 560, 566 (2000).

Under the divorce decree, Thomas was required to "maintain life insurance now in effect with the children for whom he has responsibility to support as beneficiary." Thomas' obligation to support Amber and Abigail extended only until they turned eighteen or left high school, whichever occurred later. At the time of Thomas' death, Amber was over the age of eighteen and had graduated from high school. Therefore, Thomas was no longer required under the divorce decree to maintain life insurance for Amber as a beneficiary. However, Abigail, who was eighteen, had not graduated after completing four years of high school. Brenda contends Abigail left high school prior to her father's death. In support of her position, Brenda offers evidence that Abigail did not enroll in the first term of the 2000-2001 school year which began around the time of Thomas' death in August. Instead, Abigail enrolled for the second term of the 2000-2001 school year on October 30, 2000. Abigail subsequently withdrew from the second term on January 11, 2001 without graduating. Contrary to Brenda's position, Abigail's enrollment in high school from October 30, 2000 through January 11, 2001 establishes that Abigail did not leave high school until after Thomas' death. Therefore, Thomas was responsible for supporting Abigail at the time of his death. Based on Thomas' obligation under the divorce decree, Abigail has an equitable interest in the insurance proceeds.

Under these circumstances, Brenda claims that Abigail is only entitled to a constructive trust in the amount of $50,000.00. According to the divorce decree, Thomas had "in effect term life insurance on his life in the amount of $100,000.00." There is no evidence whether the policy at issue is the same as the policy referenced in the divorce decree. In any event, the divorce decree may give rise to a constructive trust on the proceeds of a subsequently issued life insurance policy naming a different beneficiary where the decedent allows the life insurance policy identified in the divorce

decree to lapse. *Perkins v. Stuemke*, 223 Ill.App.3d 839, 585 N.E.2d 1125 (4th Dist. 1992). In either case, a constructive trust will be imposed only for the amount stated in the divorce decree. *See Id.* at 846, 585 N.E.2d at 1130.

Abigail is entitled to only her share of the constructive trust. Where the parent's support obligation treats the minor children equally, each child's interest in the policy lapses upon his or her emancipation and reverts back to the policyholder. *Cohn v. Metropolitan Life Ins. Co.*, 202 Ill.App.3d 86, 91-92, 559 N.E.2d 790, 793-94 (1st Dist. 1990), *citing Estate of Comiskey*, 125 Ill.App.3d 30, 36-37, 465 N.E.2d 653, 658 (1st Dist. 1984). Amber and Abigail were treated equally under the divorce decree. Upon her emancipation, Amber's one-half interest reverted back to Thomas, who designated Brenda as the sole beneficiary under the policy. Under the divorce decree, Abigail was not emancipated at the time of Thomas' death. Therefore, Abigail is entitled to an equitable interest in one-half of the $100,000.00 policy amount contained in the divorce decree or $50,000.00.

## CONCLUSION

LINA is entitled to judgment as a matter of law on its interpleader claim. LINA's request for other relief, including a permanent injunction and attorneys' fees and costs, is denied. Brenda is entitled to judgment as a matter of law in the amount of $349,000.00 plus interest, subject to a constructive trust in Abigail's favor in the amount of $50,000.00 plus interest.

May 6, 2002

ENTER:

Suzanne B. Conlon
United States District Judge